# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHRISTIE BELLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV419-257 |
| | ) |
| RYAN D. MCCARTHY, Acting Secretary, Department of the Army, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Proceeding *pro se* and *in forma pauperis*, plaintiff Christie Belle has filed a complaint pursuant to Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 790, et seq. for discrimination on the basis of disability and retaliation.  Doc. 1.  Generally, the Court would now screen her Complaint under 28 U.S.C. § 1915(e), which requires the immediate dismissal of any complaint brought IFP that is frivolous or malicious, fails to state at least one actionable claim against a governmental entity or official, or seeks monetary relief against a defendant who is immune from such relief.  However, prior to completing such a screening, the Court must address a single issue.  Plaintiff has requested to proceed IFP and has also signed all of the pleadings herself, indicating that she is

proceeding *pro se*. However, paragraph 62, doc. 1 at 28, of her Complaint states that "[p]laintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services herein." Thus, the Court is at a loss as to whether this case involves a *pro se* plaintiff or not.

The preparation of legal documents by an attorney for signature and filing by an ostensibly *pro se* litigant is questionable, at best. This Court has recently addressed this issue in *Bennett v. Public Law Board No. 7694, et al.*, Case No. CV417-130. There, the Court acknowledged that courts

> have unanimously condemned it. *See, e.g., Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (An attorney's "actions in providing substantial legal assistance to [an ostensibly *pro se* plaintiff] not only affords [that plaintiff] the benefit of the court's liberal construction of pro se pleadings, [cit.], but also inappropriately shields [the attorney] from responsibility and accountability for his actions and counsel."). Preparation of *briefs*—to say nothing of initiating a case—for filing under the signature of a purportedly *pro se* party violates both Rule 11 and the ethical obligations all practitioners have of candor to the Court. *See, e.g., Ellis v. Maine*, 448 F.2d 1325, 1364 (1st Cir. 1971) (disapproving, in *dicta*, "actual members of the bar represent[ing litigants], informally or otherwise, and prepar[ing] briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar, typified by F. R. Civ. P. 11, but which exists in all cases, criminal as well as civil, or representing to the court that there is good ground to support the assertions made."); *see also In re Hood*, 727 F.3d 1360, (11th Cir. 2013) (distinguishing *Ellis* in case involving an attorney's filling out a bankruptcy form for a *pro se* Chapter 13 petitioner based on the "stark contrast to a ghostwritten pro se brief . . . ."); *Downey v. Midland Funding, LLC*,

2

> 2017 WL 818786, at * 11 (N.D. Ga. Dec. 19, 2017) (noting "this Court's emphatic condemnation of the practice referred to as 'ghost writing' allegedly *pro se* complaints," and collecting cases).  *But see* Jona Goldschmidt, *In Defense of Ghostwriting,* 29 FORDHAM URB. L. J. 1145 (2002) (arguing that ghostwriting "does not violate court rules or ethical principles, and does not threaten the courts' institutional interests.").  Courts have condemned such evasion as "*ipso facto* lacking in candor."  *Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Freemont*, 868 F. Supp. 1226, 1232 (D. Colo. 1994), *disapproved on other grounds by Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Freemont*, 85 F.3d 489 (10th Cir. 1996).  To the extent that [plaintiff] signed the documents in [her] *pro se* capacity, [s]he is similarly bound by Fed. R. Civ. P. 11.  *See* Fed. R. Civ. P. 11(c) (allowing the Court to impose sanctions on "any attorney, law firm, or party" who violated the rule).

*Id.*  The Court here must express additional concern because *pro se* parties typically receive certain benefits, including a more liberal construction of their pleadings, from their *pro se* status that are not afforded to parties proceeding with an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That is particularly true at the screening stage.

Plaintiff must, therefore, clarify her status and inform the Court whether, and to what extent, she has had the assistance of counsel in preparing her Complaint.  Within fourteen days from the date of this order, plaintiff is **DIRECTED** to inform the Court whether she has retained an attorney to represent her or whether an attorney prepared her pleadings for her in any capacity regardless of whether the attorney was specifically retained.  If an attorney is involved, in any capacity, the Court **DIRECTS** plaintiff to identify that

3

attorney.  She must also certify that she has attempted to provide a copy of this Order to the attorney involved and specify what means she has used in any such attempt.[1]  This response must include the following language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on (date)." 28 U.S.C. § 1746.  Plaintiff's currently pending motions, docs. 7 & 8, are dismissed as moot pending the outcome of this inquiry.

    **SO ORDERED,** this <u>13th</u> day of August, 2020.

*[signature: Christopher L. Ray]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court is particularly concerned with the implications of the ghostwriting in this case under Fed. R. Civ. P. 11.  Depending upon the outcome of this inquiry, the Court may institute disciplinary proceedings, pursuant to Local Rule 83.5, or refer this matter to the State Bar of Georgia, as appropriate.