UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHRISTIE BELLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV419-257 |
| CHRISTINE WORMUTH, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Christie Belle filed a Complaint alleging that she was discriminated against in her employment with the United States Army Corps of Engineers. *See* doc. 1. Defendant was served, doc. 15, and it answered, doc. 17. Defendant then filed a Motion for Summary Judgment on January 5, 2023. Doc. 31. Plaintiff was provided explicit notice that her response was due no later than January 26, 2023, *see* doc. 32 (Clerk's Notice of Motion). When she failed to respond by January 30, 2023, the Court Ordered her to show cause why this case should not be dismissed for her failure to prosecute. Doc. 33. She was also warned that failure to respond to the Order to Show Cause would result in dismissal under Federal Rule of Civil Procedure 41(b). *See id.* (citing *Link v.*

*Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006)).

Plaintiff did not respond to the Order to Show Cause, and even after being warned, she has not responded to the Defendant's Motion for Summary Judgment. *See* generally docket; *see also* S.D. Ga. L. Civ. R. 7.5. Failure to respond to a motion for summary judgment has been recognized as a failure to prosecute under Rule 41. *See Wedgeworth v. Corizon Health*, 2013 WL 4791619, at *1 (S.D. Ala. Sept. 6, 2013). Similarly, Plaintiff's failure to prosecute warrants dismissal under Rule 41(b). *See* Fed. R. Civ. Pro. 41(b) (Allowing for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).

Further, the district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown*, 205 F. App'x at 802 (quoting *Jones*, 709 F.2d at 1458). As well, the Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). Plaintiff's failure to respond to the Order to Show Cause constitutes a failure to comply with Court order and her failure to respond to the Defendant's Motion indicates she has abandoned her claims by failing to prosecute them. Thus, Plaintiff's Complaint should be dismissed pursuant to Rule 41 and the district Court's inherent authority to manage its docket promptly and effectively.

## CONCLUSION

For all the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety. Defendant's Motion for Summary Judgment should be **DISMISSED as moot**. Doc. 31. This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED,** this 22nd day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA